104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Alexander CRUZ-ROJAS a/k/a Alexander Rojas-Cruz; Reinaldo
Narvaez-Maisonet a/k/a Reinaldo Maisonet-Narvaez
Defendants-Appellants.
 No. 95-1711, 96-1066.
 United States Court of Appeals, Second Circuit.
 Nov. 29, 1996.
 
 N.D.N.Y.
 AFFIRMED IN PART.
 Appearing for Appellee: John G. Duncan, Assistant United States Attorney, N.D.N.Y.
 Appearing for Appellants: Michael P. Schiano, Rochester, NY; Paul G. Carey, Syracuse, NY.
 Present CALABRESI and PARKER, Circuit Judges and POLLAK, Senior District Judge.*
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, J.), it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED IN PART.
 Alexander Cruz-Rojas and Reinaldo Narvaez-Maisonet, the defendants-appellants, appeal from judgments of conviction entered on December 11, 1995 in the United States District Court for the Northern District of New York (Scullin, J.) after guilty pleas.
 
 
 1
 Cruz-Rojas and Narvaez-Maisonet pleaded guilty to a four-count indictment charging: (1) aiding and abetting each other in knowingly and intentionally possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) aiding and abetting each other in knowingly and intentionally possessing a controlled substance, marijuana, in violation of 21 U.S.C. § 844 and 18 U.S.C. § 2; (3) aiding and abetting each other in knowingly using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2; (4) using property subject to forfeiture (Narvaez-Maisonet's car) to facilitate the crime in Count 1 pursuant to 21 U.S.C. § 853. Narvaez-Maisonet was sentenced to 120 months, and Cruz-Rojas was sentenced to 180 months. Both are currently serving their sentences.
 
 
 2
 On September 20, 1994, Cruz-Rojas and Narvaez-Maisonet were driving on the New York State Thruway towards Boston when New York State Trooper Mark Fleming stopped them for speeding. Cruz-Rojas, the driver, told Fleming that Narvaez-Maisonet, the passenger, owned the car. Upon checking a driver's license supplied by Cruz-Rojas, Fleming discovered that Cruz-Rojas was wanted by the United States Marshal's Office for escape. Fleming radioed for back up, handcuffed Cruz-Rojas and placed him in the patrol vehicle. When a second patrol vehicle arrived, Fleming removed Narvaez-Maisonet from the car and placed him in the second patrol vehicle. Fleming then searched the interior of the car. During the search, he noticed a partially disconnected interior door panel and discovered, when he pushed it aside, a towel wrapped around a brick of white powder that was later determined to be cocaine. He then arrested both Cruz-Rojas and Narvaez-Maisonet for possession of a controlled substance. An hour later, at the State Police substation in Syracuse, the car was searched further, and more cocaine and a small quantity of marijuana were discovered. In an inventory search some months later a weapon was found under the dashboard of the car.
 
 
 3
 Cruz-Rojas and Narvaez-Maisonet challenge their convictions on the ground that the initial search of the car was not a legal search incident to arrest. Narvaez-Maisonet also argues that he had ineffective assistance of counsel at trial. These two claims are addressed here. Their final claim, that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995) requires us to reverse their conviction under 18 U.S.C. § 924(c)(1) is addressed in an opinion filed this day. See United States v. Cruz-Rojas, Nos. 95-1711; 96-1066 (2d Cir. [date filed] 1996).
 
 
 4
 1. Search Incident to Arrest. Cruz-Rojas and Narvaez-Maisonet argue that the initial search of their vehicle was illegal because it did not conform to the "search incident to arrest" exception to the requirement that a warrant is needed if a search is to comply with the strictures of the Fourth Amendment. In New York v. Belton, 453 U.S. 454 (1981), the Supreme Court clarified this exception and created a bright-line rule: "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460 (footnotes omitted). Defendants claim that the search of their vehicle did not conform to this rule for three reasons.
 
 
 5
 First, they claim that the search in this case was not contemporaneous with the arrest. In both Belton and this case, however, the defendants had been arrested and removed from the vehicle before the search began. The district court was correct in finding that the search of the car was contemporaneous with the arrest under the Belton rule.
 
 
 6
 Second, defendants argue that the officer exceeded the scope of a legitimate Belton search when he examined the inside of a door panel. We do not need to consider what would be appropriate with respect to a search of a door panel that is intact, for in the case before us the door panel was partially detached at the bottom. This made the panel potentially accessible to the passengers of the car and clearly within the "the passenger compartment of [the] automobile," as described in Belton, 453 U.S. at 460. For this reason, the scope of the search did not exceed the limits established by Belton.
 
 
 7
 Third, defendants claim that Belton does not justify a search of a vehicle owned by a passenger when only the driver has been arrested. In Belton, the Supreme Court held that the threats of escape and of harm to the arresting officer justify infringing the privacy interests of the arrestee and permit a search. Belton, 453 U.S. at 457-62. These threats are no less real simply because Narvaez-Maisonet owned the car and was not being arrested while Cruz-Rojas was. Under Belton, the officer was justified, incident to Cruz-Rojas's arrest, in infringing on Narvaez-Maisonet's privacy by searching the car.
 
 
 8
 Because we find that the search in this case was legitimate incident to arrest under Belton, we do not need to consider the defendants' arguments concerning their expectations of privacy in the vehicle or Narvaez-Maisonet's contention that the search did not conform to the rule in Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 9
 2. Effective Assistance of Counsel. Narvaez-Maisonet claims that he was denied effective assistance of counsel because his trial attorney abandoned his request for a suppression hearing on the physical evidence resulting from the search. To prevail on an ineffective assistance of counsel claim, a defendant must (1) show that counsel's conduct fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice." Strickland v. Washington, 466 U.S. 668, 688, 693 (1984). Since we have ruled that the search in this case was legal, it follows that even if the attorney erred, his error was harmless. Narvaez-Maisonet cannot show prejudice and, therefore, fails to meet the second prong of the Strickland test.
 
 
 10
 We have examined Cruz-Rojas's and Narvaez-Maisonet's contentions and found them to be without merit.
 
 
 11
 The district court's judgment is affirmed insofar as it concerns the claims that the initial search of the car was not a legal search and that Narvaez-Maisonet was denied effective assistance of counsel.
 
 
 
 *
 The Honorable Louis H. Pollak, Senior District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation